# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| E.G., a minor, by CHRISTINA RAQUEL, individually and as parent and next friend of E.G., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES INC., <br><br> Defendant. | Case No. 15-cv-702-NJR-SCW <br><br> JURY TRIAL DEMANDED ON ALL COUNTS |

## JOINT STIPULATION AND PROPOSED ORDER CONCERNING MOTIONS *IN LIMINE* IN ADVANCE OF TRIAL IN *E.G. V. ABBOTT LABORATORIES INC.*

Plaintiffs and Defendant Abbott Laboratories Inc. ("Abbott") previously filed motions *in limine* in *D.W.K. v. Abbott Laboratories Inc.*, No. 14-cv-847, which the Court ruled upon. Based on the Court's Orders in *D.W.K*, the parties agree not to mention the following topics in front of any jurors or venirepersons, with the caveat that either party can approach the bench for a ruling from the Court if the door has been opened.

The parties enter into this Stipulation to conserve judicial resources. The parties, however, do not waive or acquiesce to any adverse rulings and instead are understood to have preserved, asserted, and argued the following matters before and during trial. All of the agreed upon rulings referenced below will be deemed as issued in trial, without prejudice to the parties' preservation of their arguments for the purposes of appeal, the Court's discretion to revisit those rulings as appropriate, and/or to the parties' rights to move the Court to revisit and/or reconsider those rulings during trial.

WHEREFORE, Plaintiffs and Abbott hereby stipulate and agree that:

1. Plaintiffs agree not to mention the preempted labeling issues, as set forth in Abbott's Motion *in Limine* (No. 1) (Docs 162, 164),[1] which was granted on February 20, 2015. (Doc. 285).

2. Plaintiffs agree not to mention other lawsuits, claims or investigations, as set forth in Abbott's Motion *in Limine* (No. 9) (Doc. 153), which was granted on February 20, 2015. (Doc. 289).

3. Plaintiffs agree not to mention discovery disputes, motions, court orders, deposition objections or disputes, document retention policies, and unavailable witnesses, as set forth in Abbott's Motion *in Limine* (No. 10), which was granted on February 20, 2015. (Doc. 289).

4. Plaintiffs agree not to mention the FDA's new labeling requirements, as set forth in Abbott's Motion *in Limine* (No. 13), which was granted on February 20, 2015. (Doc. 289).

5. Plaintiffs agree not to present photographic and video evidence of Plaintiffs' injuries without first showing copies to Abbott in advance, as set forth in Abbott's Motion *in Limine* (No. 19), on which the ruling was reserved in part on February 20, 2015. (Doc. 289).[2]

6. The parties agree that no party shall refer to any Adverse Event Reports ("AERs") concerning the condition or injury of any other person without first requesting a ruling on the admissibility of or permissibility of any reference to any such AER.

---

[1] All Doc. numbers refer to filings in *D.W.K. v. Abbott Laboratories Inc.*, No. 14-cv-847.

[2] The ruling in *D.W.K.* noted that the plaintiffs had identified the photographs and video evidence they intended to offer at trial, gave Abbott an opportunity to lodge specific objections to such evidence before trial, and stated that the Court would review the evidence and any objections and issue rulings before the evidence could be offered at trial. The parties stipulate that the same process should occur at trial.

7. The parties agree that no party shall refer to the size of any of the law firms of an opposing party's attorney; to the financial status or resources of any party's attorneys or any party's law firms, or any of those attorneys' other businesses or cases; to an opposing party's use of consultants; to hotel accommodations for any of the lawyers, staff, or witnesses participating in trial; or to any party's fee agreement, including, but not limited to, who is paying expenses or who is responsible for expenses in connection with this litigation.

8. Plaintiffs stipulate that they do not intend to pursue a manufacturing defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

9. Plaintiffs stipulate that they do not intend to pursue a design defect claim—whether based on strict liability, negligence, breach of warranty, or any other ground recognized by governing law.

10. Abbott agrees not to mention "[t]hat a verdict for Plaintiffs will adversely impact pharmaceutical companies' incentive/ability to develop new medications." (Doc. 286).

11. Abbott agrees not to mention "[t]hat an award of damages" in any "Depakote case will adversely affect the ability of any member of the jury to purchase or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical or health products available to individuals or industries in the United States or worldwide." (Doc. 286).

12. Abbott agrees not to mention "[t]hat a verdict for Plaintiffs will or could take away a prescription choice from doctors." (Doc. 286).

13. Abbott agrees not to mention that any "Depakote case may have a negative impact on the stock value of Abbott's or any other publicly-traded pharmaceutical manufacturer." (Doc. 286).

14. Abbott agrees not to mention that "a verdict for the Plaintiffs in" any "Depakote case will or could result in people losing their jobs or lead to lay-offs." (Doc. 286).

15. Abbott agrees not to mention that any "Depakote case may cause an increase in the cost of purchasing or maintaining insurance." (Doc. 286).

16. Abbott agrees not to mention "purported 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' 'lawyer driven litigation,' or similar terms and phrases." (Doc. 286).

17. Abbott agrees not to mention "[t]hat Abbott may have limited policy limits or cash, or the effect or results of such judgment upon the insurance rates, premiums, finances, or ability of Abbott to compete in the marketplace." (Doc. 286).

18. Abbott agrees not to mention "[t]hat if Abbott is made to pay a judgment," "it may negatively affect the economy in Illinois or any other state." (Doc. 286).

19. Abbott agrees not to mention "[t]hat Plaintiffs' recovery" "may be subject to prejudgment interest or judgment interest." (Doc. 286).

20. Abbott agrees not to mention "[t]hat Plaintiffs' recovery will be increased or enhanced by operation of law." (Doc. 286).

21. Abbott agrees not to mention "[t]hat an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law." (Doc. 286).[3]

22. Abbott agrees not to mention "[t]hat the Court has expressed a particular view of the evidence in this case." (Doc. 286).

---

[3] As the Court noted: "This does not, of course, preclude Abbott from arguing that the evidence does not support punitive damages under Illinois law." (*Id.*)

23. Abbott agrees not to mention "(a) the financial status or resources of Plaintiffs' attorneys or their law firms, or any of those attorneys' other businesses or cases; (b) the means of travel for any of the lawyers or witnesses involved in this case; and (c) hotel accommodations for any of the lawyers, staff, or witnesses participating in the trial." (Doc. 286).[4]

24. Abbott agrees not to mention "Plaintiffs' fee agreement and who is paying expenses or who is responsible for expenses in connection with this litigation." (Doc. 286).[5]

25. Abbott agrees not to mention "any settlement negotiations offered or demanded by the parties to" these lawsuits "that have occurred or may occur prior to or during trial." (Doc. 286).

26. Abbott agrees not to mention "the reasons or appropriateness of [non-Illinois residents] filing and/or pursuing a lawsuit in the Southern District of Illinois." (Doc. 286).

27. Abbott agrees not to mention "[t]hat state law should be preempted by federal law." (Doc. 286).

28. Abbott agrees not to mention certain "character evidence regarding Abbott," which the Court has generally excluded, but with regard to which the Court has recognized that if "Plaintiffs open the door by attacking the character of Abbott's employees, Abbott may seek to admit testimony on the same issues." (Doc. 286).

---

[4] As the Court noted: "Abbott contends that use of counsel's private jet for Plaintiffs' witnesses may be relevant to issues of credibility and bias. That issue will be taken up at the appropriate time during trial." (*Id.*)

[5] As the Court noted: "Again, evidence relating to the compensation of Plaintiffs' experts may be relevant to issues of credibility and bias." (*Id*).

So stipulated and agreed, this 17th day of April 2017:

*/s/ John T. Boundas*
John T. Boundas
jboundas@williamskherkher.com
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

*An Attorney for Plaintiffs Christina Raquel and E.G.*

So stipulated and agreed, this 17th day of April 2017:

*/s/ Dan H. Ball*
Dan H. Ball
dhball@bryancave.com
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

*An Attorney for Defendant Abbott Laboratories Inc.*

So ordered this 24th day of April 2017, in *E.G. v. Abbott Laboratories Inc.*

_____
Honorable Nancy J. Rosenstengel
United States District Court for the Southern District of Illinois