IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| E.G., a minor, by CHRISTINA RAQUEL, individually as parent and next friend of E.G., <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES INC., <br><br> Defendant. | Case No. 15-CV-702-NJR-SCW <br><br> JURY TRIAL DEMANDED |

# FINAL PRETRIAL ORDER

This matter came before the Court for a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**I.  COUNSEL OF RECORD**

Plaintiffs' Counsel: Lead trial counsel for Plaintiffs are **John E. Williams, Jr.**, jwilliams@williamskherkher.com and **John T. Boundas,** jboundas@williamskherkher.com: Williams Kherkher Hart Boundas LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017-5051; Telephone: (713) 230-2200.

Defendant's Counsel: Lead trial counsel for Defendant are **Joel H. Smith**, joel.smith@bowmanandbrooke.com, BOWMAN AND BROOKE LLP, 1441 Main Street, Suite 1200, Columbia, SC 29201; Telephone: (803) 726-7420 and **Dan H. Ball**, dhball@bryancave.com, Bryan Cave LLP, 211 North Broadway, Suite 3600, St. Louis, Missouri 63102; Telephone: (314) 259-2000.

**II.  NATURE OF THE CASE**

This is a personal injury lawsuit involving the prescription medication Depakote, manufactured, marketed and sold by Defendant Abbott Laboratories Inc. ("Abbott"). Depakote ER is prescribed for persons with bipolar disorder.

This action has been brought on behalf of a minor child, E.G. Plaintiffs claim that E.G.'s mother, Christina Raquel, was prescribed and took Depakote ER during her pregnancy with E.G. Plaintiffs claim that E.G. was born with birth defects as a result.

Plaintiffs claim that Abbott failed to provide an adequate warning to Christina Raquel's physicians regarding the risks of Depakote. Plaintiffs seek recovery of damages from Abbott for the injuries and harm suffered by E.G. in connection with his alleged birth defects.

Abbott claims that it adequately warned Christina Raquel's physicians about the risks of Depakote during pregnancy. Abbott further claims that Plaintiffs have not proved that the content of the warning caused E.G.'s injuries or that E.G.'s injuries were caused by Depakote ER.

### III. SUBJECT MATTER JURISDICTION

A. This is an action for damages related to a personal injury claim.

B. The Seventh Circuit has deemed that the basis for the Court's subject matter jurisdiction is 28 U.S.C. § 1446 and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. §§ 1332(d) & 1453 ("CAFA").

### IV. UNCONTROVERTED FACTS

The following facts are not disputed and are agreed to by the parties:

- "Depakote" also refers to other formulations of the product, such as Depakote ER.

- Depakote is an antiepileptic drug manufactured, marketed and sold by Abbott Laboratories Inc.

- Depakote was approved for the treatment of manic episodes associated with bipolar disorder, as well as for the treatment of migraine prophylaxis and certain types of seizures.

- Depakote is also sometimes referred to by the chemical names "valproic acid," "valproate" or "VPA."

- Minor Plaintiff E.G. was born on February 2, 2007.

The parties propose to convey these facts to the jury through Counsel.

### V. CONTROVERTED FACTS

The following key facts are disputed by the parties:

- Whether Abbott adequately warned physicians regarding Depakote ER use.

- Whether Depakote ER was a cause of E.G.'s injuries.

- Whether Abbott's alleged failure to warn was a proximate cause of E.G.'s injuries.

- The amount of damages, if any.

## VI. AGREED TO ISSUES OF LAW

1. The parties agree that California tort law governs this action and provides the remedies, if any, for E.G.'s injuries and harm.

2. The parties agree that the Court is to decide the following legal issues:

    A. The issues raised in the parties' previously filed *Daubert* and *in limine* motions.

    B. The objections to deposition designations and exhibits raised by the parties.

## VII. WITNESSES

Abbott respectfully suggests that the parties give 48 hours' notice as to when witnesses are to be called at trial. Witnesses to be called on Monday shall be disclosed by 6:00 p.m. on Friday. (This procedure was used during the *D.W.K.* trial and other Depakote trials.)

Plaintiffs may present testimony from the following witnesses by deposition or live at trial:

1. Retained Expert Witnesses

    a. Cynthia Curry, M.D.
    b. David Kessler, M.D.
    c. Ira Lott, M.D.
    d. Kenneth McCoin
    e. Godfrey Oakley, Jr., M.D., M.S.P.M.
    f. Valerie Parisi

2. Other Witnesses

    a. Scott Anderson
    b. Jeffrey Baker
    c. Larry Carbone
    d. James Embrescia, D.O.
    e. Jeanne Fox
    f. Robert Franklin, M.D.
    g. Minor Plaintiff E.G.
    h. Arthur Giese, M.D.

3

       i.    Robin Hagy
       j.    Jaesu Han, M.D.
       k.    Tracey Heimberger
       l.    Michael Jarvis
       m.   Michael LaFond
       n.    James Lavery
       o.    Scott Luce
       p.    Craig McDonald, M.D.
       q.    Kevin McRaith
       r.    Sadou Meer, M.D.
       s.    Mark Mularski
       t.    Lee Muraoka
       u.    Michael Murray
       v.    Blasine Penkowski
       w.   Charles Schwamlein, M.D.
       x.    Cheri Spath
       y.    James Steck
       z.    Richard Tresley, M.D.
       aa.  Marino Tuluao, M.D.

Defendant may present testimony from the following witnesses by deposition or live:

1. Retained Expert Witnesses

    a. David Feigal, Jr., M.D., M.P.H.
    b. Lisa Thornton, M.D.
    c. Christopher Ticknor, M.D.

2. Other Witnesses

    a. James Embrescia, D.O.
    b. Susan Ferguson, M.S.
    c. Robert Franklin, M.D.
    d. Arthur Giese, M.D.
    e. Ramiro Gonzalez
    f. Jaesu Han, M.D.
    g. Tracey Heimberger, M.D.
    h. Kiery Jackson
    i. James Lavery
    j. Craig McDonald, M.D.
    k. Sadou Meer, M.D.
    l. Lee Muraoka
    m. Christina Raquel
    n. Marino Tulao, M.D.

## VIII. EXHIBITS

The parties will exchange exhibit lists on May 12, 2017 pursuant to the Court's March 20, 2017 order (Dkt. No. 584). The parties agree that objections to exhibits should be handled on a case-by-case basis.

## IX. DAMAGES

Plaintiffs claim damages for past and future medical and life care expenses; future lost earning capacity; past and future pain, suffering and mental distress (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; physical disability; disfigurement; and all other non-economic damages. Plaintiffs claim their damages that can be itemized are as follows:

| Type of Damages | Detailed Description of Damages Claimed |
|---|---|
| (1) Medical expenses already incurred | Payments for medical expenses already incurred and associated with Minor Plaintiff E.G.'s injuries suffered as a result of his mother's ingestion of Depakote while pregnant with Minor Plaintiff E.G. These payments are reflected in the billing records produced. As of January 29, 2016, Plaintiffs have incurred at least $330,659.39 in medical expenses. |
| (2) Future expenses for medical and life care | As reflected in the expert report of Valerie Parisi, RN, CRRN, CLCP (and as discounted by Kenneth McCoin, Ph.D., C.F.A.), Minor Plaintiff E.G. will incur future expenses for medical and life care of approximately $15,631,149 when considering home care or $14,648,205 when considering facility care. |
| (3) Future lost wages or reduced earning capacity | As reflected in the expert report of Kenneth McCoin, Ph.D., C.F.A., a high school graduate has a future earning potential of $1,832,111.00. Plaintiffs assert that Minor Plaintiff E.G. should recover any reduction from this future earning potential attributable to his injuries. |
| (4) Other damages | Minor Plaintiff E.G.'s past and future: pain and suffering (both physical and mental); inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of lifestyle; loss of a normal life; disability; disfigurement; increased risk of harm; and all other non-economic damages to be determined by the jury. |

Abbott denies all of Plaintiffs' allegations, and, accordingly, contends that Plaintiffs are not entitled to recover any damages from Abbott.

## X. TRIAL BRIEFS

Abbott intends to submit a trial brief in advance of the final pre-trial conference.

## XI. MOTIONS *IN LIMINE*

The parties have filed motions *in limine* that are fully briefed and before this Court. Abbott also has *Daubert* motions that are fully briefed and pending before the Court.

## XII. JURY INSTRUCTIONS

The parties will submit proposed jury instructions on by 5:00 P.M. on May 12, 2017.

**APPROVED AS TO FORM AND SUBSTANCE:**

____/s/ John T. Boundas_____
**Attorney for Plaintiff(s)**

____/s/ Dan H. Ball_____
**Attorney for Defendant(s)**

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**

**DATED: May 9, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**