**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| E.G., a minor, by CHRISTINA RAQUEL, individually as parent and next friend of E.G.,<br><br>    Plaintiffs,<br>v.<br><br>ABBOTT LABORATORIES INC.,<br><br>    Defendant. | Case No. 15-CV-702-NJR-SCW<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO SEEK RELIEF PURSUANT TO RULE 54(C)**

Plaintiff E.G., by and through Christina Raquel, files this Motion to Seek Relief Pursuant to Federal Rule of Civil Procedure Rule 54(c).

## I.  INTRODUCTION

Per the Court's instructions at the Final Pretrial Conference and the Court's May 8, 2017 Order (Dkt. No. 263), Plaintiffs have submitted proposed jury instructions for use in the upcoming trial of this case.[1] These include proposed instructions regarding punitive damages.[2] Plaintiffs are mindful of the Court's order regarding the amendment of Plaintiffs' Complaint in this case with respect to punitive damages. Proposed jury instructions regarding punitive damages were included because, pursuant to FED. R. CIV. P. 54(c), final judgment in this case should grant all relief to which Plaintiffs are entitled, even if that relief has not been expressly demanded in its pleadings. As Rule 54 states, and case law discussing Rule 54 holds, the fact that Plaintiffs' Complaint does not specifically state a prayer for punitive damages does not bar recovery of punitive damages in this case. Amendment of the pleadings to provide for such

---

[1] Plaintiffs' proposed jury instructions were submitted to the Court's Proposed Orders Inbox on May 12, 2017.

[2] Plaintiffs' proposed instructions regarding punitive damages are attached hereto as Exhibit A.

relief is not required in every instance. This is particularly true in cases such as this where a plaintiff's complaint alleges facts that, if proven at trial, would support such an award. As demonstrated below, Plaintiffs' Complaint has all along alleged sufficient facts to support an award of punitive damages. Abbott has been on notice of these facts alleged by plaintiffs for years, both as they are alleged in this case in the pleadings that were filed in 2011 and as they have been asserted in motions, court filings and arguments on the record in this case and in related cases that are a part of this same action. Thus, provided the requisite facts are proven at trial, Plaintiffs respectfully request that the Court permit punitive damages to be submitted to the jury in accordance with Rule 54(c) and related case law.

## II. ARGUMENT AND AUTHORITIES

### A. Rule 54(c) Permits Plaintiffs To Recover Punitive Damages.

Under Rule 54(c), except in the case of a default judgment, "every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." FED. R. CIV. P. 54(c). District courts "should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998)). Thus, the "'question is not whether the Plaintiff has asked for the proper remedy but whether under his pleadings he is entitled to any remedy.'" *Kansas City, St. L. & C.R. Co. v. Alton R. Co.*, 124 F.2d 780 (7th Cir. 1941) (quoting *Catanzaritti v. Bianco*, 25 F. Supp. 457 (M.D. Pa. 1938)); *see also Back Doctors Ltd. v. Metropolitan Prop. and Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (citing Rule 54(c) in the context of a request for punitive damages, and noting that "juries can award damages not requested by the complaint.").

Indeed, this Court has permitted a plaintiff to recover punitive damages where the "request for relief is broad enough to encompass a claim for punitive damages and is sufficient to put the Defendants on notice that [the plaintiff] is seeking punitive damages." *Shatner v Page*, No. 00-cv-0251-DRH, 2007 U.S. Dist. LEXIS 3337, at *8 (S.D. Ill. Jan. 17, 2007). Punitive damages may be appropriate if a complaint alleges "conduct that would support a claim for punitive damages and the evidence presented supports that claim." *Newell v. Wis. Teamsters Joint Council No. 39*, No. 05-C-522, 2007 U.S. Dist. LEXIS 72917, at *7 (E.D. Wisc. Sept. 28, 2007) (citing *Scutieri v. Paige,* 808 F.2d 785, 790-93 (11th Cir. 1987)). As noted below, the complaint in this case is without question broad enough to encompass a claim for punitive damages.[3]

"Rule 54(c) was designed to divorce the decision what relief to award from the pleadings and arguments of counsel; the court is to determine, and award, the right relief in each case even if the complaint is silent on the question." *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987). Rule 54(c) "has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the facts proved. The pleadings serve only as a rough guide to the nature of the case." *Robinson v. Lorillard Corp.*, 444 F.2d 791, 803 (4th Cir. 1971).

---

[3] Abbott was on notice even outside of the complaint that punitive damages were being sought in this case as well. For example, in the pretrial order submission that the parties were negotiating in September 2016, Plaintiffs submitted to Abbott a draft pretrial order that expressly stated that plaintiffs were seeking punitive damages, in three different places. *See* Exhibit B, 9/19/16 Cover Email and Proposed Joint Pretrial Order at 3, 5 (stating: "Plaintiffs claim damages for past and future medical and life care expenses . . . and punitive damages."; "Punitive damages to be determined by the jury."). And then in connection with the submission of the Joint Pretrial Order in this case when it was reset for trial, the same allegations were made, and Abbott's counsel signed and agreed to the submission of the proposed order on April 25, 2017. Likewise, Plaintiffs filed other papers in this case in 2016 stating that punitive damages were being sought. *See e.g.* Plaintiffs' Response In Opposition to Defendant Abbott Laboratories, Inc.'s Motion *In Limine* (No. 4) to Exclude References to Promotional, Marketing, Or Sales Activities, Dkt. No. 143 at *8, n.26 ("Evidence of Abbott placing its financial and marketing concerns over patient safety is also relevant to the issue of punitive damages."); *see also id.* at *13-14 ("Plaintiffs are, therefore, entitled to present their claims for punitive damages to the jury.").

Generally, a "plaintiff is not required to itemize his damages in his complaint. On the contrary, the rules entitle him to a judgment that grants him the relief to which he is entitled even if the complaint failed to ask for that relief." *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995) (citing FED. R. CIV. P. 54(c)). An amendment changing the amount, or nature, of the relief prayed for is, therefore, unnecessary. *Wendy v. McLean Trucking Co.*, 279 F.2d 958, 989 (2nd Cir. 1960).

B.   **Punitive Damages Do Not Have To Be Specifically Pled in Plaintiffs' Complaint.**

The Seventh Circuit has noted that "Rule 54(c) contemplates an award of punitive damages if the party deserves such relief – <u>whether or not</u> a claim for punitive damages appears in the complaint." *Soltys*, 520 F.3d at 742 (emphasis added).[4] Federal Rule of Civil Procedure 9(g) provides a limited exception to the rule that damages need not be specifically pleaded in a complaint. It provides "[i]f an item of special damage is claimed, it must be specifically stated." FED. R. CIV. P. 9(g).

Punitive damages are not special damages. Special damages are "damages that are unusual for the type of claim in question—that are not the natural damages associated with such a claim." *Avitia*, 49 F.3d at 1226. Though the Seventh Circuit has not yet squarely addressed the issue, several trial courts within the Seventh Circuit, as well as other Circuits, have determined that punitive damages are not considered special damages. *See Soltys*, 520 F.3d at 742 (the Seventh Circuit "has not squarely addressed the question of whether punitive damages are considered special damages," adding that "the fundamental legal error in this case may have been the parties' and the district court's shared assumption that a prayer for punitive damages

---

[4] This Court has also noted that "it is immaterial whether [the plaintiff's] pleading seeks punitive damages. Under federal pleading rules, the Court is permitted to award any warranted relief regardless of what the plaintiff seeks in his complaint." *Eldracher v. Honeywell, Inc.*, No. 14-cv-1414, 2015 U.S. Dist. LEXIS 69082, at *4-5 (S.D. Ill. May 28, 2015).

had to appear in the complaint in order to sustain an award of such damages"); *King v. Chapman*, No. 09-C-1184, 2014 LEXIS 178391, at *8 (N.D. Ill. Dec. 30, 2014) ("[W]e conclude in this case, punitive damages are not special damages that plaintiff was required to plead specifically. Thus, even if defendants were correct in asserting that the Second Amended Complaint does not specifically request punitive damages, plaintiff would not be barred from seeking them at trial."); *see also Curtis v. Transcor Am., LLC*, 877 F. Supp. 2d 578, 595–96 (N.D. Ill. 2012) (holding that under Rule 54(c), a plaintiff was not required to specifically plead a request for punitive damages where the complaint's allegations were beyond mere negligence); *Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, No. 00 C-1164, 2003 WL 259142, at *7 (N.D. Ill. Feb. 4, 2003) (holding that the defendant was "flatly wrong to contend that the prayer for punitive damages in this case must be set forth with specificity"); *Maglione v. Cottrell, Inc.*, No. 00-C-2436, 2001 WL 946189, at *1 (N.D. Ill. Apr. 27, 2001) ("In short, special damages are a type of consequential or compensatory damages.  Compensatory damages (and consequently special damages) are entirely distinct from punitive damages, which are intended to punish defendant or stand as an example for similar wrongdoers.  FED. R. CIV. P. 9(g) does not govern Plaintiffs' claim for punitive damages since punitive damages are not special damages.").

Punitive damages are naturally associated with the claims pled in this case.  Under Illinois law, as in California, punitive damages are recoverable for tort claims.  *See Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978) ("It has long been established in this State that punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others.").  Illinois courts have found that punitive damages are properly recoverable for strict products liability and negligence

claims where willful, wanton, or reckless acts or omissions would support such an award. *See, e.g.*, *Proctor v. Davis*, 682 N.E.2d 1203, 1216 (Ill. App. 1997). "In a products liability case, a manufacturer's awareness that its product poses a danger coupled with a failure to act to reduce the risk amounts to willful and wanton conduct," and Illinois courts have found that "conscious disregard for the safety of others may be termed willful and wanton gives rise to the imposition of punitive damages." *Bass v. Cincinnati, Inc.*, 536 N.E.2d 831, 835 (Ill. App. Ct. 1989). California applies the same principles. *See e.g. Ford Motor Co. v. Home Ins. Co.*, 116 Cal.App.3d 374, 381-82 (1981) ("[I]f a company intentionally proceeds with conduct which will expose a person to a serious potential danger known to the company in order to advance the company's own pecuniary interest punitive damages may be assessed based on a finding the company has shown a conscious disregard for the person's safety."); *Sanchez v. J.C. Penney Props.*, No. CV-F-07-670, 2007 U.S. Dist. LEXIS 58799, at *11 (E.D. Cal. July 30, 2007) ("[P]unitive damages may be claimed if Plaintiffs establish that Defendant knew of the dangerous condition of the floor and failed to correct it.").

### C. Plaintiffs' Complaint Supports The Submission Of Punitive Damages To The Jury.

Plaintiffs here have alleged sufficient facts to support willful, wanton, or reckless acts sufficient to support the submission or award of punitive damages. *See e.g. Newell*, 2007 U.S. Dist. LEXIS 72917 at *10 ("It is the conclusion of this court that a plaintiff may recover punitive damages pursuant to Rule 54(c) only if sufficient facts to support such an award are alleged in the complaint."). For example, Plaintiffs' Complaint alleges that:

1. Abbott was aware of the severe birth defects associated with Depakote on or before the date it began marketing and distributing Depakote in the United States (1978). *In re Depakote*, No. 12-cv-52, Dkt. 2-12 at ¶ 32.

2. Despite the abundance of scientific data consistently finding that Depakote was the most teratogenic AED, posed an incidence rate of neural tube defects ten times greater than with other AEDs, caused major birth defects in eleven percent

       of all infants exposed to Depakote during the earliest weeks of pregnancy, Abbott steadfastly refused to communicate the true nature of the risk in its product labeling and warnings to doctors. *Id*.

3. Instead of working to warn doctors and women of childbearing age about the sharply heightened risks of ingesting Depakote during the early weeks of pregnancy, Abbott has consistently and systematically sought to minimize the risk and downplay the dangers in its product labeling. *Id*. at ¶ 33.

4. Abbott aggressively marketed Depakote and expanded the approved uses. *Id*. at ¶ 34.

5. Abbott marketed Depakote for unapproved, "off-label" uses and pushed these uses even though there are other drugs which are as effective and do not involve the risks of severe birth defects that are as prevalent with Depakote use. *Id*.

6. Abbott concealed and misled doctors who prescribe Depakote and who monitor patients' drug regimen during pregnancy regarding the real risks of Depakote. Despite knowing the extremely high incidence rate of major congenital anomalies in babies born to women who take Depakote, Abbott continues to downplay the risks and refuses to provide adequate information regarding the real scope and severity of the dangers. Instead, Abbott insists on using muted and understated language to suggest that women of childbearing age weigh the "potential risk," when in fact the risks are severe and well known to Abbott. Abbott knew and had a duty to warn doctors and patients that women who were taking Depakote should not get pregnant, and that women who might be or might become pregnant should not take Depakote. *Id*. at ¶¶ 35–36.

7. Abbott failed to disclose a known defect and affirmatively misrepresented that Depakote was safe for its intended uses. Further, Abbott actively concealed the true risks associated with the use of Depakote. *Id*. at ¶40.

8. Abbott was negligent in the design, manufacture, sale, testing, and/or distribution of Depakote in that it: (a) failed to use due care in designing, formulating, developing, testing, and manufacturing Depakote to as to avoid or warn against the described risks to consumers who used Depakote; (b) placed an unsafe product into the stream of commerce; and (c) failed to discover or warn of the dangers associated with the use of Depakote despite having actual and/or constructive knowledge of such dangers. *Id*. at ¶56.

The complaint contains numerous allegations of actual knowledge of danger, intentional concealment and misrepresentation of the same, conscious minimization of the risks, aggressive marketing to expand uses despite this knowledge, and active refusal to communicate the dangers. Plaintiffs will present evidence at trial demonstrating that Abbott's conduct was thus willful,

wanton, and/or reckless. For example, in another case tried in the Circuit Court of the City of St. Louis, it was determined that evidence similar to what Plaintiffs intend to present here supported an award of punitive damages. This Court and other courts considering the issue also have found that the evidence supports submissibility of punitive damages as well.

Thus, Plaintiffs' move to submit punitive damages to the jury in this case pursuant to Rule 54(c). Based on the allegations in their complaint, Plaintiffs are entitled to a final judgment that includes punitive damages if the evidence at trial supports such an award.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that upon consideration of the evidence presented at trial, the Court submit appropriate instructions permitting the jury to consider whether Abbott is liable for punitive damages.

Respectfully submitted,

By: */s/ Christopher Cueto*
Christopher Cueto
Bar No.: 06192248
Michael Gras
Bar No.: 06303414

LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, Illinois 62223
Telephone: (618) 277-1554
Facsimile: (618) 277-0962

John E. Williams, Jr.
John T. Boundas
Brian A. Abramson
Sejal K. Brahmbhatt
Margot G. Trevino
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

>Josh J. Wright
>HOLLIS WRIGHT P.C.
>2224 1st Avenue North
>P. O. Box 11310
>Birmingham, Alabama  35202
>Telephone:  (205) 326-3336
>Facsimile:  (205) 326-3332
>
>George Erick Rosemond
>ROSEMOND LAW GROUP, PC
>8441 Gulf Freeway, Suite 600
>Houston, Texas  77017
>Telephone:  (713) 230-2342
>Facsimile:  (713) 649-3470
>
>**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to Rule 7.1 of the Local Rules of the Southern District of Illinois, I certify that a true and correct copy of the foregoing has been properly served upon Abbott Laboratories Inc. as required by the Federal Rules of Civil Procedure.

>*/s/ Christopher Cueto*
>Christopher Cueto