IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| E.R.G., a minor, by CHRISTINA RAQUEL, as parent and next friend of E.R.G., | ) ) ) |
| | ) |
| Plaintiffs, | ) Case No. 12-CV-55-NJR-SCW |
| | ) Case No. 15-CV-702-NJR-SCW |
| vs. | ) |
| | ) |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs in this mass action allege that they suffered serious birth defects as a direct result of exposure to Depakote. The exposure for each Plaintiff is alleged to have occurred *in utero* after his or her biological mother ingested Depakote during pregnancy. Plaintiffs contended that Defendants[1] failed to warn their biological mothers of the real risk of birth defects, even though Defendants knew or reasonably should have known of the true risks.

Currently the mass action is comprised of six hundred and seventeen individual Plaintiffs. The mass tort action was removed to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(11)(B)(i). On April 17, 2012, Judge G. Patrick Murphy remanded the action to state court for lack of subject matter jurisdiction, but his

---

[1] In 2013, Defendant Abbott Laboratories Inc. split off part of its business, including the rights to Depakote, into a separate publicly traded company, Abbvie, Inc. Accordingly, Plaintiffs filing claims after 2013 have included both Abbott and Abbvie as defendants in the litigation.

Order was subsequently reversed by the Seventh Circuit. (Case No. 12-CV-52, Docs. 29 & 32). Upon Judge Murphy's retirement in December 2013, the action was reassigned to Judge David R. Herndon (Case No. 12-CV-52, Doc. 192). On May 19, 2014, the action was reassigned to the undersigned District Judge. *See* (Case No. 12-CV-52, Doc. 288).

On July 25, 2014, the Court selected the following three bellwether cases for trial: D.W.K., Jr. and parents Mary and Daniel Kaleta (12-cv-57); E.P. and C.P. and parents Roger and Mindy Pyszkowski (12-cv-56); and J.F. and parent Michelle Leal (13-cv-34) (*See* Doc. 304 in Lead Case No. 12-cv-52). The *Kaleta* trial proceeded to a Defense verdict on March 20, 2015. (Case No. 14-CV-847, Doc. 387). While Plaintiff filed a Notice of Appeal, ultimately the *Kaleta* Plaintiff declined to appeal the verdict.

On June 26, 2015 the Court selected three additional cases, including *Raquel*, to proceed to trial.[2] Through a series of unforeseeable circumstances, including the untimely unavailability of two expert witnesses, the next case to proceed to a jury verdict was the instant case. As a result, no case in the Depakote mass action has yet cleared the appellate process.

## Discussion

Under Rule 54(b) a district court "may direct may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b). *see also Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 902 (2015) (Rule 54(b) permits district courts to

---

[2] Christina Raquel's suit was originally filed on behalf of her minor child E.R.G. *and* on behalf of herself as an individual. There was confusion between the parties as to the status of Ms. Raquel on the first day of trial. The confusion was quickly alleviated, however, when Ms. Raquel, through her attorney, moved to dismiss her individual claim from the case during the *voir dire* process. Accordingly, the individual claim of Ms. Raquel is **DISMISSED with prejudice**. Nothing in this Order should be construed as having any impact on E.G.'s claim or Ms. Raquel's ability to represent E.G. in her capacity as parent and next friend.

authorize immediate appeal "[w]hen an action presents more than one claim for relief… or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay."); *In re MTBE Products Liability Litigation*, 2010 WL 1328249, at *4 ("the role of this trial as a bellwether for an entire MDL makes this the type of 'exceptional' case where entry of final judgment pursuant to Rule 54(b) is appropriate").

The Court finds that there is no just reason to delay in entering a judgment in this case. The claims of any one Plaintiff in the mass action—even those Plaintiffs who brought their claims in one unified complaint—are not dependent upon one another to be resolved on the merits.³ While the Court previously found certain cases sufficiently similar to warrant joint trials, entering judgment on an individual Plaintiff's claim would not trigger the type of "piecemeal appeal" the Supreme Court cautioned against in *Sears, Roebuck, & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

The *Raquel* case represents the second original bellwether to be tried in this mass tort action. As the Plaintiff in *Kaleta* ultimately chose to forgo an appeal, an appellate decision as to the issues that have arisen in preparation for and during the trial is necessary to advance the mass action litigation. *See In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, Nos. 00 MDL 1898, 04 CIV 3417 (SAS), 2010 WL 1328249, at *4 (S.D. N.Y. April 5, 2010). Further, this trial took over two weeks to

---

³ The exception to this general principal is for parents who bring claims on behalf of their minor children *and* a claim in their own individual capacity. It is difficult to conceive of a circumstance were the Court would allow a parent's individual claim to be tried separately from the minor child's claim; however, this is the only circumstance where the factual overlap would prohibit entry of judgment until the conclusion of both claims.

complete. Preparing and trying the remaining six hundred and seventeen cases on this Court's docket will likely take many more years. To allow for the continued maturation of the mass action and to prevent an injustice on all the parties, the Court finds that judgement shall be entered under Rule 54(b).

The Clerk is directed to file a copy of this Order and the Judgment in 12-CV-55.

**IT IS SO ORDERED.**

**DATED:   June 13, 2017**

                                              s/ Nancy J. Rosenstengel
                                              **NANCY J. ROSENSTENGEL**
                                              **United States District Judge**