IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE DEPAKOTE: | ) |
| | ) |
| E.R.G., a minor, by CHRISTINA RAQUEL, as parent and next friend of E.R.G., | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-55-NJR-SCW |
| | ) Case No. 15-CV-702-NJR-SCW |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant's Objection (Doc. 345) to Plaintiff's Bill of Costs (Doc. 338), filed in the *Raquel* case following a jury verdict (Doc. 316) in favor of Plaintiff. Defendant's only objection to the Bill of Costs concerns Plaintiff's attempt to recover his portion of the Special Master's compensation.

On April 5, 2017, the Court appointed Judge Stack (Ret.) as Special Master in the *Raquel*, *Sifuentes*, *Pyszkowski* (E.P.), and *Pyszkowski* (C.P.) cases pursuant to Federal Rule of Civil Procedure 53. (Doc. 188). Federal Rule of Civil Procedure 53(b)(2)(E) requires the Court to state the "basis, terms, and procedure for fixing the master's compensation." FED. R. CIV. P. 56(b)(2)(E). The Court addressed Judge Stack's compensation in the April Order stating that "the fees and expenses of the Special Master are to be divided evenly between the parties." (Doc. 188, p. 7). Plaintiff asserts that the Court has discretion to tax the cost for a court-appointed Special Master even where "such fees were ordered to be split between

the parties prior to trial." (Doc. 353, p. 2).

Federal Rule of Civil Procedure 54(d)(1) provides that costs—other than attorney's fees—should be allowed to the prevailing party "*unless* a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." FED. R. CIV. P. 54(d)(1) (emphasis added). Acting upon the parties' consent, this Court expressly ordered the equal division of Special Master fees pursuant to Rule 53(g)(3) by "allocat[ing] payment among the parties after considering the nature and amount of controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." FED. R. CIV. P. 53(g)(3).

Nothing alters the Court's original Order concerning the Special Master's compensation. The parties are to split the cost of the Special Master irrespective of whether a party ultimately prevails at trial. Accordingly, Abbott's objection (Doc. 345) is **SUSTAINED.** The Special Master's fee shall be excluded from the recoverable costs. The Clerk of the Court is **DIRECTED** to tax Defendant $25,672.71 as costs under Rule 54(d).[1]

**IT IS SO ORDERED.**

DATED:   September 25, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The Court reaches this figure by deducting $9,900.00 from the original figure of $35,572.21. Plaintiff's original Bill of Costs sought a total of $35,572.71, however, the response filed by Plaintiff asked the Court to tax Defendant a total of $45,308.71. *Compare* (Doc. 338, p. 1) *with* (Doc. 353, p. 2). Following an inquiry by the Court, counsel confirmed that the $45,308.71 figure was a scrivener's error.